tation, paid the amount claimed. Misrepresentation and mistake are both charged in the bill of complaint as the foundation of this claim. Blended as the two charges are in the bill of complaint, it is somewhat difficult to separate them, and it is that difficulty which has occasioned the only doubt in the mind of the court on this branch of the case. After full consideration, I have come to the conclusion that the allegations of the bill of complaint are sufficient to support the claim, which is substantially based in the pleadings upon mistake induced by misrepresentation. Authorities are not necessary to show that errors in the settlement of accounts between principal and agent, especially if induced by misrepresentation, are cognizable in equity. 1 Story, Eq. Jur. §§ 462–464, 524–526; Daniel v. Mitchell [supra]. All of the allegations of the bill of complaint in this branch are admitted, except the allegation of misrepresentation. Respondents in their answer admit that the freight-list was prepared as alleged, and sent to the complainant. They admit that the commissions were demanded and paid; and I am of the opinion that the statement in the freight-list, under all the circumstances of the case, amounted to misrepresentation. Undoubtedly the complainant was deceived, and was thereby induced to make payment where he would have declined to do so, if he had known the true state of the case. Small as the error is, it is, nevertheless, the right of the complainant to have the amount corrected; and inasmuch as the mistake was induced by misrepresentation, this court, sitting as a court of equity, cannot refuse to take jurisdiction of the case. Unless the amount is agreed, the cause must be referred to a master to ascertain it, and, when that is ascertained, the complainant will be entitled to a decree.

DELANY (LADD v.). See Case No. 7,971.

## Case No. 3,755.

### DELANY v. WASHINGTON.

[2 Cranch, C. C. 459.][1]

Circuit Court, District of Columbia. April Term, 1824.

APPEAL FROM JUSTICE DECISION — VIOLATIONS OF MUNICIPAL ORDINANCES—SUFFICIENCY OF WARRANT—UNLAWFUL SALE OF LIQUORS.

1. Upon appeal from the judgment of a justice of the peace, for the penalty of a by-law, the judgment will be reversed with costs, if the warrant does not set forth the offence with sufficient certainty.

2. A warrant, charging that the defendant "did during the last or present month, sell spirituous or other liquor without a license, contrary to the act, or acts of the mayor, &c., on that subject made and provided," is too vague and uncertain to support a conviction.

[1] [Reported by Hon. William Cranch, Chief Judge.]

This was an appeal from the judgment of a justice of the peace for a penalty of $20. The warrant commanded the constable to take Pat. Delany, &c., to answer to the mayor, board of aldermen, and board of common council, &c., in a plea that he render to the said mayor, &c., the full sum of $20, which to the said mayor, &c., "he owes and unjustly detains, for that he the said Delany did, during the last or present month, sell spirituous, or other liquor, without a license, contrary to the act or acts of the said mayor, &c., on that subject made and provided."

Mr. Jones, for appellant, contended that the offence is not set forth with sufficient certainty, and cited the case of Barney v. Washington City [Case No. 1,033], in this court, at July term, 1805.

THE COURT (THRUSTON, Circuit Judge, contra) decided that the warrant was too uncertain, and reversed the judgment with costs.

See, also, White v. Washington [Case No. 17,-560], at October term, 1822, and Boothe v. Georgetown [Id. 1,651], at the same term.

## Case No. 3,756.

### DELAPLAINE v. CROWNINSHIELD.

[3 Mason, 329.][1]

Circuit Court, D. Massachusetts. May Term, 1824.

LIMITATION OF ACTIONS—SUIT COMMENCED IN ANOTHER STATE.

1. To a plea of the statute of limitations, it is not a good replication, that a suit for the same demand was commenced in a court in another state, and discontinued within six years.

2. The commencement of a suit, to defeat the statute of limitations, must be the same suit, to which the plea is pleaded.

Assumpsit on several counts: (1) Money had and received. (2) On a promissory note dated at New York, on the 23d of March 1811, payable to plaintiff [John F. Delaplaine] or order on the 15th of July then next. (3, 4, and 5) On like notes for like sums, payable on the 1st and on the 15th of August then next, and on the 1st of September then next. Pleas: (1) Non assumpsit. (2) Statute of limitations of Massachusetts specially set forth. (3) Same plea, setting forth generally actio non accrevit. (4) Same plea generally, and no promise within six years. (5) Statute of limitations of New York, and actio non accrevit. Replication as to second, third, and fifth pleas, that an action was brought on the same demands in the supreme court of New York at January term, 1812, and continued from term to term until May term, 1821, and then discontinued; and that the cause of action accrued within six years before the commencement of the same action. The defendant [Richard Crowninshield] demurred to this replication, and the plaintiff joined in the

[1] [Reported by William P. Mason, Esq.]